[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 6, 1990 the appellant was arrested for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes 14-227a.
On August 1, 1990 the State of Connecticut, Department of Motor Vehicles Adjudication Unit, held a hearing pursuant to Public Act 89-314.
As a result of said hearing, the appellant's motor vehicle operator's license was suspended for ninety (90) days.
The appellant has appealed to this court from said decision suspending his motor vehicle operator's license claiming that the appellee's decision was arbitrary and capricious and in abuse of its discretion in that the police report was inadmissible and that the appellant's objection to the introduction into evidence of same should have been sustained in that said report was not mailed within three business days; in that a handwriting specimen was not taken from the appellant; and in that the appellant's alleged failure of the nystagmus test was hearsay as the preparer of the report did not perform said test.
A hearing was held before this court on June 25, 1991.
Our law is clear that the scope of judicial review of a decision of an administrative agency is very restricted.
It is not the function of this court to retry the case or to substitute its judgment for that of the appellee.
If there is evidence which reasonably supports the decision of the appellee, this court cannot disturb the conclusion reached by it.
The issue is therefore a very narrow one for this court. Was the police report properly admitted into evidence
The answer is yes.
The fact that the police report was not mailed within three business days does not effect its reliability or CT Page 6536 trustworthiness. Said report was signed by the preparer of said report on July 7, 1990 before a Sergeant who took said preparer's oath on July 7, 1990.
Noncompliance with the 72 hour requirement does not preclude the admissibility of said report nor does the failure to have a handwriting specimen taken from the appellant affect the admissibility of the report.
The law is clear in Connecticut that the suspension hearing before the appellee is limited to a determination of four issues, none of which involve the taking of a handwriting specimen or the mailing of the report within 3 business days.
The claim of the appellant that the preparer of the report did not perform the nystagmus test raises a question of admitting double hearsay into the suspension hearing.
But even this claim would not affect the admissibility of the police report.
The report would have still been admissible and that part of the report referring to the nystagmus test would have been excised. In point of fact, the hearing officer for the appellee stated that he would give the report on the nystagmus test the weight it deserves. TR. p. 8.
Without the results of the nystagmus test, the appellee had more than enough evidence to conclude that the police officer had probable cause to arrest the appellant for operating a motor vehicle under the influence of intoxicating liquor; that the appellant was placed under arrest; that the appellant submitted to a test or analysis and the results of which indicated the ratio of alcohol in the blood of the appellant was ten-hundredths of one per cent or more of alcohol by weight; and that the appellant was operating the motor vehicle.
Accordingly, the appeal is dismissed.
DAMIANI, J.